Dear Sheriff Torres:
You have asked for an attorney general's opinion, in light of R.S. 13:3044(B)(5) and R.S. 33:1428(A)(1), relative to the propriety of service of jury summons by regular mail and the reasonableness of the monetary charges made for such service. You explain that the monetary charge being made for such service is twenty dollars for the service and forty-three cents for the postal charge.
R.S. 13:3044(B)(5) reads,
 (5) (a) The clerk shall keep a record of the drawings with a list of all the names in the order they are drawn and showing the week for which they are to serve. When the drawing and the proces verbal is complete, the clerk shall prepare summons directed to the persons on the list and deliver them to the sheriff for service. The sheriff, at the election of the court, may serve such summons by
 (b) (i) personal or domiciliary service, or by registered, certified, or regular mail addressed to the juror at his usual residence or business address.
 (ii) When the service is by mail, the date of mailing shall be not less than thirty days prior to the date on which the addressee is summoned to appear.
 (iii) When service is by registered or certified mail, the sheriff shall attach to his return the return receipt of delivery from the United States Post Office showing the disposition of the envelope bearing the summons to the juror. *Page 2 
 (iv) When service is by regular mail, the return shall show the date of mailing.
 (c) The return, when received by the clerk, shall form part of the record and shall be considered prima facie correct and shall constitute sufficient basis for an action to cite persons for contempt for failure to appear in response thereto.
As to the monetary charge question, R.S. 33:1428 provides, in pertinent part,
 § 1428. Fees in civil matters
 A. Sheriffs shall be entitled to no more than the following fees and compensation of office in all civil matters:
 (1) For all service and returns of legal documents, notices, and subpoenas, twenty dollars.
 * * * (9) For traveling each mile necessary in going to make and returning from service of any process of court, a mileage allowance based upon the mileage rate established by the division of administration for the use of state owned vehicles and all actual expenses incurred in the service of the process, but such mileage shall not be charged for a greater distance than that of the residence or domicile of the party on whom service is made, and when service is made upon different parties in the same case by the same officer on the same day or official tour, only one mileage shall be charged. This Section shall not be construed to prevent the officer from charging mileage as above provided in each separate suit.
 * * * (14) For any services rendered or duties performed by the sheriffs not otherwise herein specially provided for, they shall be entitled to a fee or commission to be determined by agreement with the parties in interest or fixed by the court by rule tried in a summary manner in term time or in vacation.
 B. These costs shall be due and collectible as provided for clerks of the district courts in ordinary suits and when realized on any process of court by collections or sales, except in those parishes where the sheriffs collect their fees independently of the clerks. *Page 3 
 C. The fees or commissions provided for in this Section may be taxed as costs of court pursuant to Code of Civil Procedure Article 1920.
La.R.S. 33:1428 (Emphasis added.)
Under this statute, it is our opinion that the fee of twenty dollars in civil cases is the correct charge for service of jury summons. See R.S. 33:1428(A)(1). However, there is no provision for the allowance of actual postal expenses in addition to the twenty dollar fee. The provision allowing actual expenses in addition to that set by the statute is in R.S. 33:1428(A)(9) and deals only with travel and mileage. The explicit language in R.S. 33:1428(A) emphasized above clearly states that the sheriff shall be entitled to "no more than the following fees and compensation of office inall civil matters." We interpret this language to mean that while the sheriff can charge twenty dollars for service of jury summons, he cannot charge, in addition, his actual postal expense for the mailing of that summons. See Attorney General Opinion No. 89-647 [copy enclosed], in which this office gave the opinion that the fee set by this statute for a service is a "maximum fee."
Any provision for the sheriffs to receive postage expenses in addition to the current statutory fee for service of the jury summonses is a matter thus left to the legislature.
We trust that this opinion has adequately answered your request, but if you have any further questions, please do not hesitate to ask them of us. With warmest personal regards, we remain
Yours very truly,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
By: __________________________ RICHARD L. McGIMSEY Assistant Attorney General
JDC/TSH/RLM/dam Enclosure (A.G. Op. 89-647)